UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | Case No.   1:26-cv-4832-EPG |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE |
| LOZANO, et al., | |
| Defendants. | RESPONSE DUE WITHIN FOURTEEN DAYS |
| | (ECF No. 1) |

## I.    INTRODUCTION

Plaintiff Millard Wayne Baker, Jr. is a state prisoner (prisoner # V-16360) proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983.[1] (ECF No. 1). Plaintiff filed his complaint on June 24, 2026,[2] alleging that prison officials at Wasco State Prison violated his First Amendment right to freedom of speech, used excessive force by twisting his arm and injuring his shoulder, and retaliated against him by interfering with his parole hearing. Plaintiff also alleges state law civil rights violations under California's Bane Act, along with a state law claim for negligence.

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are duplicative of an earlier lawsuit filed on June 20, 2024, *Baker v. Lozano, et al.*, 1:24-cv-00716-

---

[1] Plaintiff has filed a motion to proceed *in forma pauperis*. (ECF No. 2). The Court will not address this motion at this time.

[2] The Court notes that Plaintiff's complaint bears a signature date of June 17, 2024. (ECF No. 1 at 10).

1

KES-FJS. Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds).

## II.   LEGAL STANDARDS

Referred to as the doctrine of claim-splitting, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[3] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). The following transaction test is used to determine whether the causes of action are the same:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

\\\

\\\

---

[3] "While both claim-splitting and claim-preclusion doctrines . . . [shield] parties from vexatious concurrent or duplicative litigation, the primary difference is that, in claim-splitting, a litigant is able to move for dismissal *without* demonstrating that a court of competent jurisdiction has entered a final judgment on the merits in the first action." *Cook v. C.R. England, Inc.*, No. CV 12-3515-GW CWX, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (internal quotation marks and citations omitted).

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)). The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id.* "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* at 688. The claim-splitting doctrine is a discretionary one, intended to give judges flexibility to "promote[] judicial economy." *Id.* at 692; *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.").

### III.    ANALYSIS

With these standards in mind, the Court notes that the complaints in this case and *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS appear to be photocopies. Plaintiff uses the same name and prisoner number for himself, sues the same Defendants, alleges the same facts and claims, and seeks the same relief.

Thus, it appears that Plaintiff has filed the same complaint in this District on two occasions, which would make this an improperly filed duplicative lawsuit.

### IV.    CONCLUSIONS AND ORDER

As explained above, it appears that Plaintiff's case is duplicative of his earlier-filed case, *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS. However, Plaintiff will be given an opportunity to explain why his case should not be dismissed.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to assign a District Judge to this case.

2. Within fourteen (14) days of being served with a copy of this order, Plaintiff shall file a statement in writing to show cause why this case should not be dismissed as duplicative of *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS.[4]

\\\

---

[4] Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this instant case (1:26-cv-4832-EPG) under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3.  If Plaintiff fails to respond to this order, this case may be dismissed.

**IT IS SO ORDERED.**

**DATED:    June 25, 2026**    /s/ *Erin P. Grosjean*
**UNITED STATES MAGISTRATE JUDGE**