UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR.,<br>Plaintiff,<br>v.<br>LOZANO, et al.,<br>Defendants. | Case No. 1:26-cv-4832-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE<br><br>(ECF Nos. 1, 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Millard Wayne Baker, Jr. is a state prisoner (prisoner # V-16360) proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983.[1] (ECF No. 1). Plaintiff asserts that officials at North Kern State Prison violated his First Amendment right to freedom of speech, denied him due process and equal protection under law, used excessive force by twisting his arm and injuring his shoulder, failed to report misconduct, and retaliated against him by interfering with his parole hearing. Plaintiff also alleges state law civil rights violations under California's Bane Act, along with state law claims including assault and battery, negligence, and intentional infliction of emotional distress.

Upon review of the allegations in the complaint, it appears that Plaintiff's claims are duplicative of an earlier lawsuit filed on June 20, 2024, *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS. For the reasons stated below, the Court will recommend that this case be dismissed as duplicative.

[1] Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). On July 28, 2026, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within forty-five days. (ECF No. 10). Plaintiff has not yet filed his application or paid the filing fee.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 17), the Court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) on these same bases.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on June 24, 2026 (ECF No. 1). In his complaint, Plaintiff names the following defendants: (1) Lozano, correctional officer at North Kern State Prison ("NKSP"); (2) Maurilio Gutierrez, sergeant at NKSP; (3) Ortiz, yard crew officer (A yard) NKSP; (4) Doe 2, yard crew officer (A yard); (5) Mr. Doe 1, correctional officer at NKSP; (6) Warden Hixon, NKSP; and (7) Ms. Doe 3, "correctional officer at BPH" at NKSP. (*Id.* at 2-3).

Plaintiff alleges that, on July 18, 2023, he and other inmates were summoned to the BPH Building for an in-person, attorney visit. (*Id.* at 4). Defendant Lozano told them that they had to wait to return to their housing unit until all inmates finished their visits. Plaintiff disputed this directive, and Defendant Lozano warned him to stop and said, "I will make sure you don't parole." (*Id.*).

Minutes later, Defendant Ortiz and Defendant Doe 2, another officer working on A yard, directed Plaintiff into the hallway, took his pen from his hand, and pressed him against the wall, twisting his arm and injuring Plaintiff's left shoulder. (*Id.* at 6).

Plaintiff reported the events to Defendant Guttierez at the program office. (*Id.* at 8). Defendant Guttierez reviewed the surveillance video and told Plaintiff that Defendants Ortiz and Doe 2 did nothing wrong. (*Id.*).

Plaintiff was denied parole on September 20, 2023. (*Id.* at 5).

Plaintiff asserts that Warden Hixon is liable "under the respondeat superior" for failure to supervise, train, and control subordinates. (*Id.* at 9).

Plaintiff seeks a declaratory judgment, compensatory damages against Defendants in amounts ranging from $100,000 to $50,000, and punitive damages from $80,000 to $60,000. (*Id.* at 10-11).

The complaint bears a handwritten execution date of June 17, 2024. (*Id.* at 10).

## III. DUPLICATIVE ACTION

### A. *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS

On June 20, 2024, Plaintiff filed a complaint commencing the action *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS ("*Baker I*"). (ECF No. 1). In the *Baker I* complaint, Plaintiff names the following defendants: (1) Lozano, correctional officer at NKSP; (2) Maurilio Gutierrez, sergeant at NKSP; (3) Ortiz, yard crew officer (A yard) NKSP; (4) Doe 2, yard crew officer (A yard); (5) Mr. Doe 1, correctional officer at NKSP; (6) Warden Hixon, NKSP; and (7) Ms. Doe 3, "correctional officer at BPH" at NKSP. (*Id.* at 2-3).

The *Baker I* complaint is identical to the complaint in the instant action, including the alternating use of red, blue, and black ink, the scratching out of words, and the insertion of extra pages throughout the complaint form. The *Baker I* complaint even has the same orange stain on the first page of the complaint as the complaint in the instant action.

In *Baker I*, Plaintiff seeks the same relief for the same factual allegations under the same constitutional amendments and state laws as the instant action.

### B. Order to Show Cause

On June 25, 2026, after conducting an initial review of the underlying complaint, the Court issued an order to show why this case should not be dismissed as duplicative of *Baker I*. (ECF No. 7).

Plaintiff filed a response on July 16, 2026. (ECF No. 9). Plaintiff admits that he filed "this suit in June of 2024" and describes the procedural history of *Baker I*. Plaintiff does not dispute that the instant complaint is identical to the June 2024 complaint in *Baker I* and does not provide any explanation for why he filed the *Baker I* complaint again. (*Id.*).

### C. Legal Standards

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United*

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**D. Analysis**

With these standards in mind, the Court notes that the complaints in this case and *Baker I* appear to be identical. Plaintiff uses the same name and prisoner number for himself, sues the same defendants, alleges the same facts and claims, and seeks the same relief.

Thus, it appears that Plaintiff has filed the same complaint in this District on two occasions, which would make this an improperly filed duplicative lawsuit.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be dismissed as duplicative of *Baker v. Lozano, et al.*, 1:24-cv-00716-KES-FJS.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 7, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE